Case 1:15-cv-03374-JFM Document 24 Filed 03/10/17 Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALTON W. CUMBO, #41228 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. JFM-15-3374 |
| | * | |
| RICHARD D. DOVEY, | * | |
| LIEUTENANT STEVEN THOMAS, | * | |
| CO II COREY SWISHER, | * | |
| CO II JEREMY HARMAN, | * | |
| CO II MIGUEL REYES-ZETINA, | * | |
| | * | |
| Defendants | *** | |

## MEMORANDUM

Pending is Alton W. Cumbo's complaint filed pursuant to 42 U.S.C. § 1983. Defendants have filed an unopposed motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 19).[1] After considering the pleadings, exhibits, and applicable law, the court determines that a hearing is unnecessary to resolve the issues, see Local Rule 105.6 (D. Md. 2016), and the court will grant defendants' motion, which it will construe as a motion for summary judgment.

## BACKGROUND

Alton W. Cumbo is presently incarcerated at Eastern Correctional Institution.[2] He claims that on October 2, 2015, correctional officers at the Maryland Correctional Training Center in Hagerstown, Maryland ("MCTC") assaulted him, used pepper spray on him, and denied him medical care. ECF No. 1. He alleges Officers Harman Swisher, and Reyes-Zetina kicked and punched him when they escorted him from the inmate dining hall to the J-1 Receiving and I.D.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), Cumbo was notified that he was entitled to file an opposition with declarations and supporting materials. ECF No. 21.

[2] *See* Maryland Inmate Locator, http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=318390.

area. Cumbo claims he was thrown into a cell for approximately five minutes until Lieutenant Thomas ordered the door opened, and Cumbo was taken for a medical evaluation. Cumbo claims that while he was being escorted for medical evaluation, he saw Warden Richard D. Dovey, and attempted to inform him of what had happened. ECF No. 4 at 4. Cumbo alleges Dovey just walked off without speaking to him. *Id.* Cumbo alleges he could not walk the remainder of the way and arrived at the medical unit on a stretcher. *Id.* He claims that when he arrived at the medical unit, he was denied medical attention for the pepper spray in his eyes and for his leg injury. *Id.* Cumbo claims he was transferred to Western Correctional Institution ("WCI") in Cumberland, Maryland where he was denied medical attention.[3] He further alleges that he is being "targeted." because he is a member of the Bloods and assaulted a correctional officer. ECF No. 1 at 4. Cumbo states that on an unspecified day he was denied medical attention and a decontamination shower by Officer N. Elllis and Lt. R. Carder.[4] ECF No. 1. at p. 4. As relief, he asks for immediate transfer to a correctional facility in a different region and $5,500,000.00 damages. (ECF 1, p. 3; ECF 4, p. 3).[5]

Cumbo filed this complaint on November 4, 2015, against J.T. Butler and Warden Richard Graham. ECF 1. On November 6, 2015, the court ordered Cumbo to supplement the complaint to name the individuals involved. ECF No. 3. On November 30, 2015, Cumbo submitted the court directed supplement to name Warden Richard Dovey, Steven Thomas, Corey Swisher, Jeremy Harman, Miguel Reyes-Zetina, and Ronald B. Brezler as defendants. ECF No. 4. On December 2, 2015, the court dismissed Graham, Butler, and Brezler because the

---

[3] Cumbo does not name any defendants who were correctional staff or medical providers at WCI.

[4] Cumbo does not name Ellis or Carder as defendants and the claims against them shall not be considered.

[5] Cumbo does not explain how he is "targeted." He does not allege facts to show he is in danger.

complaint contained no claims against them, and added Steven Thomas, Corey Swisher, Jeremy Harman, and Miguel Reyes-Zetina as defendants. ECF No. 5.

## DEFENDANTS' RESPONSE

Defendants have submitted declarations, verified exhibits. ECF No. 19.[6] This information reveals that on October 2, 2015, at 6:30 p.m., Cumbo assaulted correctional Officer Christopher Grubbs at MCTC, after he was caught taking cookies from the inmate dining room. ECF No 19-4 (investigation records) at pp. 26, 29, 30, 31, 32, 33, 37. Cumbo was in the chow line when Officer Lauren Baker ordered him to give up the cookies. After Cumbo laughed, stuffed a cookie in his mouth, and turned to walk away, Baker motioned to Grubbs' to stop him. Cumbo shoved Grubbs and punched him in the face with closed fists. Grubbs called for assistance. ECF No. 19-4; 19-5 (Decl. of Lauren Baker); 19-7 (Decl. of Christopher Grubbs); 19-8 (Decl. of Brandon Roy). Officer Brandon Roy was in the inmate dining room responded. Cumbo swung at Roy twice with a closed fist. ECF No. 19-8. Roy grabbed Cumbo's right wrist and placed it behind his back using an arm bar hold while Cumbo tried to pull away. Roy gave Cumbo several direct orders to stop and get on the floor, but Cumbo refused to comply. *Id.* As Roy struggled to gain control of Cumbo, Grubbs administered a short burst of pepper spray to Cumbo's face.[7] Officers Harman and Swisher arrived on the scene, handcuffed Cumbo, and escorted him to the Receiving and I.D. area. *Id*; ECF No. 19-9 (decl. of Jeremy Harman); ECF No. 19-10 (decl. of Corey Swisher). During the escort, Cumbo stated "I'm a blood, do you know who I am? Don't touch me." ECF No 19-4 at pp. 20, 28. Harman and Swisher state that during the escort Cumbo became combative and refused to walk on his own. ECF No. 19-9;

---

[6] There is no evidence that defendants showed the video recording to Cumbo. Consequently, the court shall not consider the video filed in this case.

[7] Cumbo did not name Grubbs or Roy as defendants in this case.

3

ECF No. 19-10. He was escorted to Receiving and ID where he was placed in a cell without further incident. *Id.* Harman and Swisher attest that at no time did they or any other correctional officer in his presence assault Cumbo. *Id.*

Officer Reyes-Zetina was assigned to J-1 post in the Receiving and I.D. area and did not escort Cumbo. ECF No. 19-11 (decl. of Steven Thomas). Reyes-Zetina was not asked to assist in escorting Cumbo and did not assist in placing him in the holding cell. *Id.* at ¶4, ¶5; ECF No. 19-12 (assignment worksheet). ECF 19-13 ¶ 4, (decl. of Miguel Reyes-Zetina). Reyes-Zetina states in his declaration that he was not a participant or a witness to any beating, harassment or retaliatory action against Cumbo in the Receiving and I.D. area on October 2, 2015. ECF No. 19-13.

At approximately 6:30 p.m., Officers Joshua Vardy and Eric Quackenbush escorted Cumbo to the hospital infirmary for medical treatment without incident. ECF No. 19-4 at pp. 6, 11, 13, 15, 18; ECF No. 19-14 (decl. of Joshua Vardy); ECF No. 19-15 (decl. of Eric Quackenbush).

Kelly Bickford, R.N. evaluated Cumbo shortly thereafter. ECF No. 19-4. Her report is dated October 2, 2015, 6:33 p.m. and was signed at 6:50 p.m. *Id.* She observed that Cumbo walked with a steady gait and without assistance. His vital signs were within normal limits, he was alert, and his lungs were clear. ECF No. 19-4 at p. 34. Bickford observed no bruising, abrasions, or contusions. She noted Cumbo showed no signs of physical trauma and or acute physical distress. *Id.* Cumbo walked back to his housing unit escorted by officers. *Id.* Photographs were taken of Cumbo, Roy, and Grubbs.[8] *Id.* at p. 13. Cumbo's property was packed and inventoried and he was transported to WCI. *Id.* at p. 13.

---

[8] Defendants submitted black and white photographs with little contrast and of little evidentiary value. ECF No. 19-4 at pp. 37-38.

4

Lt. Brian Reed, completed the Division of Correction's investigation of the incident. Reed reviewed the reports of the incident and concluded that the force used (spontaneous, chemical agent, defensive holds) was applied in good faith for the purpose of self-defense due to an active assault by Cumbo, and the force was applied for the purpose of gaining control of a noncompliant inmate. ECF No. 19-4 at p. 15. Reed indicated that due to the nature of the incident, Cumbo was transferred immediately to WCI.[9] On October 3, 2015, Reed contracted Lt. Miller at WCI, and requested that Cumbo be given the opportunity to provide a written statement which Cumbo declined to do. *Id.*; ECF No. 19-4 at p. 24.

Cumbo filed ARP #WCI-1996-15 concerning the October 2, 2015 incident on November 17, 2015. ECF No. 19-6. The ARP was dismissed on November 18, 2015 for procedural reasons per DCD 185-003.VI.N.4. since the alleged incident was being examined by the IID *Id.*[10] Plaintiff did not file a Headquarters' appeal or a grievance to the Inmate Grievance Office. ECF No. 19-18, 19-19. On November 16, 2015, an Application for Statement of Charges was prepared and filed in the District Court of Maryland for Washington County, charging Cumbo with Second Degree Assault of Department of Corrections employee Christopher Grubbs. ECF No. 19-4 at p. 42-44.[11]

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or

---

[9] A written comment on the notice of disciplinary hearing written as a result of the incident indicates Cumbo was transferred to WCI at 8:30 p.m. on October 2, 2015. ECF No. 19-4 at p. 25. Reed does not explain why the transfer was made to WCI. The court takes note that WCI is a higher security facility than MCTC.

[10] Defendants did not file a copy of the IID report.

[11] The case is not listed on the Maryland Judiciary website. http://casesearch.courts.state.md.us/ casesearch/ inquirySearch.jis.

5

other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* "In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Baltimore City Bd. of School Comm'rs*, No. RDB 12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

Defendants have filed copies of verified documents and declarations with their pleadings. The court may consider a wider range of documents when it treats a motion to dismiss as a motion for summary judgment, which it may do pursuant to Fed. R. Civ. P. 12(d). *See Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013). When the court does so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Notably, "the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Thus, this requirement "can be satisfied when a party is 'aware that material outside the pleadings is before the court.' " *Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151,

6

2013 WL 2370442, at *3 (D. Md. May 30, 2013) (quoting *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985)). Though the court "clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, [it] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998). Here, defendants designate their motion as a "motion to dismiss, or in the alternative, motion for summary judgment." Cumbo was provided the opportunity to dispute these exhibits with verified exhibits and affidavits, although has chosen not to file a reply.

## DISCUSSION

Defendants seek dismissal of the complaint against Lieutenant Thomas and Warden Dovey for failure to state a claim upon which relief may be granted and because they did not personally participate in the matters alleged. Defendants Swisher, Harman, and Reyes-Zetina assert they are entitled to summary judgment because Cumbo has failed to state an Eighth Amendment claim of excessive use of force.

### A. Claims against Dovey and Thomas

Cumbo's only allegation against Warden Dovey is that he failed to stop to talk to him during Cumbo's escort from the dining hall. Cumbo does not assert that Dovey personally participated in the use of force incident or the incidents which allegedly followed. Cumbo's sole mention of Lieutenant Thomas is that he ordered the cell door opened for Cumbo to be taken to the medical unit.

A claim under 42 U.S.C. § 1983 requires that: (1) the plaintiff suffered a deprivation of "a right secured by the Constitution and laws" of the United States, and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Cumbo does not specify what federal law or constitutional guarantee either

Dovey or Thomas allegedly violated by these actions, and none is apparent from the record. Accordingly, no cognizable claim is stated against Dovey or Thomas.

To the extent Cumbo intends to confer liability on Dovey or Thomas based on their supervisory roles, his claims are also unavailing. A state official may not be held liable under 42 U.S.C. § 1983 unless it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th. Cir. 1977); *see also Monell v. Dep't of Social Servs of New York*, 436 U.S. 658, 690-92 (1978). There is no vicarious liability (respondeat superior) in § 1983 cases against government officials for the acts of their subordinates. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Vinnedge*, 550 F.2d at 928. In order for a supervising official to be held liable under § 1983 under a theory of supervisory liability, a plaintiff must establish that: (1) the supervisor knew that the subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor's "response showed deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) there was "an affirmative causal link" between the supervisor's "inaction and the constitutional injury." *King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Cumbo's allegations are insufficient to hold either Dovey or Thomas legally culpable on this basis. Accordingly, the claims against Dovey and Thomas will be dismissed with prejudice.

### B. Claims against Swisher, Harman, and Reyes-Zetina

A convicted inmate's claim of use of excessive physical force is examined in the context of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986); *see also Hudson v. McMillan*, 503 U.S. 1, 7–9 (1992). Eighth Amendment analysis asks whether the prison officials "acted with a sufficiently culpable

state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). In a claim for excessive application of force, a claimant must meet a heavy burden to satisfy the subjective component—that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good-faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at 320–21 (internal quotation marks omitted). To satisfy the subjective component, a claimant must show that a prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991

In determining whether prison officials have acted maliciously and sadistically, a court should balance 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the responsible officials, and; 4) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321. Not every malevolent touch by a prison guard, later determined in the calm of a judge's chambers to be gratuitous, gives rise to a federal cause of action. *See Hudson*, 503 U.S. 1, 6 (1992). In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court stated: "This is not to say the 'absence of serious injury' is irrelevant to the Eighth Amendment inquiry." 559 U.S. at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). But, it is a factor in applying and reviewing the Eighth Amendment analysis. *Id.* Thus, a court must look at "the nature of the force rather than the extent of the injury." *Wilkins*, 559 U.S. at 34.

In this case, there was a brief, tempered use of force by Officers Grubbs and Roy to stop Cumbo's attack on them. Defendants Swisher, Harman, and Reyes-Zetina were not involved in the dining room use of force. The record shows Cumbo assaulted Officer Grubbs, attempted to punch Officer Roy, and then refused their direct orders to stop. Officer Grubbs applied a short

burst of pepper spray to gain control of the situation. At that point Cumbo was handcuffed and taken to the medical unit for treatment. There is nothing to suggest that the force was applied with malicious or sadistic intent.

Cumbo next alleges he was attacked by Swisher, Harman, and Reyes-Zetina in the I.D. and Reception area. Cumbo provides evidence in support other than his unverified allegations. Defendants deny assaulting Cumbo or refusing him medical care and have submitted testamentary and verified evidence in support. Defendants' unrefuted records indicate that the dining room incident occurred at approximately 6:30 p.m. Cumbo was escorted to the I.D. and Reception area then to the medical office immediately afterwards. The nurse who examined Cumbo found no signs of injury or acute distress. She also recorded that Cumbo entered and exited the medical area walking on his own accord. These medical findings disprove Cumbo's allegations that he had just been kicked and punched, was unable to walk to the medical area, and needed transport on a stretcher. Cumbo provides no medical records or sick call slips to substantiate his claims of injury. Of import, Cumbo provides no evidence to refute Swisher, Harman, and Reyes-Zetina's declarations they did not assault Cumbo or witness anyone else do so.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor. Plaintiff has failed to submit any evidence to support his claim, or to put the material fact in this case- the use of force against plaintiff- in dispute. *See generally, Gray v. Spillman*, 925 F.2d 90, (4th Cir. 1991). Although the non-moving party may rely on a verified complaint when allegations therein are based on personal knowledge, see *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) plaintiff's complaint is not verified. Accordingly, Swisher, Harman, and Reyes-

Zetina area entitled to summary judgment in their favor as a matter of law.

## CONCLUSION

For the reasons stated in this memorandum, the court will grant defendants' motion to dismiss or, in the alternative, for summary judgment. ECF No. 19. A separate order follows this memorandum.

March 10, 2017
Date

J. Frederick Motz
United States District Judge